## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMIE SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2130** |
| **N. BURL CAIN, WARDEN** | **SECTION "C" (4)** |

## <u>ORDER AND REASONS</u>

This matter is before the Court on a petition for writ of habeas corpus by Jamie Simmons, seeking relief pursuant to 28 U.S.C. § 2254.  The petitioner raises six claims for relief: 1) that the trial court imposed an excessive sentence and that his sentence constitutes cruel, unusual or excessive punishment; 2) that he was denied his constitutional right to testify in his own behalf; 3) that the prosecution presented insufficient evidence to support the jury's finding of guilt; 4) that petitioner's right to a fair trial was violated when the trial court allowed inadmissible evidence to be presented to the jury during its deliberations; 5) that the prosecution presented insufficient evidence to support a finding of petitioner's habitual offender status; and 6) that petitioner's constitutional right to effective assistance of counsel was violated when counsel failed to object to the state's failure to present sufficient evidence of petitioner's habitual offender status.  The state submits that petitioner's second through fifth claim are not exhausted

as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[1] and that as a result the entire petition should be dismissed because it is a "mixed" petition.  The state requested that this Court reserve its right to submit argument on the merits of petitioner's claims should the Court deem such argument necessary.  State's Response, Rec. Doc. 5 at 15.  In his traverse to the state's response, the petitioner requests that, should the Court find that his second through fifth claim are not exhausted as required, that those claims be dismissed and that the Court render a decision on his remaining claims, or alternatively, that the Court grant a stay and allow petitioner to go back to the state courts and exhaust those claims.  Traverse, Rec. Doc. 6 at 2.

Upon a thorough review of the trial, direct appeal, post-conviction record, the habeas petition and memoranda, and applicable law, the Court has determined that the state has misunderstood the nature of the exhaustion requirements under AEDPA, and that all of the claims in petitioner's habeas corpus petition are exhausted as required.  While it appears that the second through fifth claims may be procedurally barred from federal review, petitioner's first and sixth claim, in the very least, are properly before the Court.   Because the state has not responded to the merits of those claims, the Court finds it necessary to delay a decision on the merits of his petition until the state provides an appropriate response.   The Court notes that this is not the first time it has disagreed with the state's interpretation of the AEDPA exhaustion requirements..  *See Jones v. Cain*, 06-939, Rec. Doc. 11 (Jan. 16, 2008).  Because of the judicial resources that are inefficiently utilized when the Court reviews a habeas petition in such a

---

[1]Pub. L. 104-132, Apr. 24, 1996, 110 Stat. 1214.

staggered fashion, and because of the delay in affording a petitioner his rights to have a decision rendered on his petition for habeas corpus, the Court asks that the state re-evaluate its understanding of the exhaustion requirements in the future.

## I. BACKGROUND AND PROCEDURAL HISTORY

The petitioner is a prisoner of the state confined to the Louisiana State Penitentiary in Angola, La.   Rec. Doc. 1  He filed this federal application for writ of habeas corpus on March 27, 2006.  *Id*. at 36.[2]  Petitioner was found guilty of one count of distribution of cocaine on September 29, 2000 in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.  State Rec. Vol. 1.  On April 25, 2001, petitioner was sentenced to fifteen years imprisonment, the first five without benefit of parole, probation, or suspension of sentence.  State Rec. Vol. 1.  On the same day, the defense made an oral motion for appeal of conviction and sentence, and the state filed a multiple offender bill.  *Id.*  At a hearing on the multiple offender bill on August 2, 2001, the court found the petitioner to be a triple offender.  State Rec. Vol. 1.  On November 28, 2001, the court vacated the original sentence and sentenced the petitioner under the Louisiana multiple bill statute to a term of life imprisonment.   The following facts are taken from the Statement of Facts of the Louisiana Fifth Circuit Court of Appeals:

> The following factual statement was developed from the State's witnesses presented at trial. The defense rested without presenting any testimony.

---

[2] See discussion of timeliness and the this Court's application of the "mailbox" rule for the date of filing, below.

On August 11, 1999, Agent Mason Williams of the Jefferson Parish
Sheriff's Office was working undercover in the Bridge City (Westwego)
area of Jefferson Parish, purchasing narcotics. Agent Williams was driving
a vehicle equipped with a video camera and an audio transmitter. Agent
Derek Castine was a member of the surveillance team and monitored the
transaction on the audio transmitter.

At trial, Agent Williams testified that he stopped the vehicle when he saw
a man, later identified as the defendant, riding a bicycle. Agent Williams
asked the defendant if he had a "20," which Agent Williams explained
was street language for one rock of crack cocaine. The defendant told
Agent Williams to drive around the block and Agent Williams complied.
The defendant approached Agent Williams' vehicle, and Agent Williams
asked the defendant to let him see the object. The defendant, however,
instructed Agent Williams to drop the money on the ground. Ultimately,
the defendant handed Agent Williams a rock-like object, then Agent
Williams dropped the money on the ground. As Agent Williams drove
away, he observed the defendant in the rear-view mirror retrieving the
money. The videotape of this transaction was played for the jury at trial
and the tape was entered into evidence as State's Exhibit 3.

After the transaction, Agent Williams gave Agent Castine the rock-like
object and the videotape of the transaction. Agent Castine testified that the
object field-tested positive for the presence of cocaine. According to
Thomas Angelica, who was accepted as an expert forensic scientist at
trial, the rock-like object weighed .30 grams and tested positive for the
presence of cocaine.

Sometime after the transaction, Agent Castine and Sergeant Joe Williams
viewed the videotape. Sergeant Williams testified that he recognized the
defendant and supplied the defendant's name to Agent Castine. After
viewing a photographic lineup prepared by Agent Castine, Agent
Williams identified the defendant as the person who sold him the crack
cocaine. Agent Williams also positively identified defendant at trial.

Opinion of Louisiana Fifth Circuit Court of Appeals, January 28, 2003, at 3-4, State Rec. Vol. 1,

*State v. Simmons*, 2002-960 (La.App.5 Cir. 1/28/03), 839 So.2d 239, 241-42.

Petitioner's conviction and sentence were affirmed by the Louisiana Fifth Circuit Court of Appeal on January 28, 2003.  *Id.*   The Louisiana Supreme Court denied writs on October 31, 2003.  State Rec. Vol. 1;  *State v. Simmons*, 2003-841 (La. 10/31/03), 857 So.2d 473.  Petitioner then filed an application for post-conviction relief in the 24th Judicial District Court for the Parish of Jefferson on October 18, 2004.  State Rec. Vol. 1.  His claims, claims two through six in his instant petition, were denied as procedurally barred for failure to raise them in an earlier proceeding and /or on appeal (federal claims two through five) or on the merits (federal claim six), on December 21, 2004.  State Rec. Vol. 1.  The Louisiana Fifth Circuit Court of Appeal denied writ on January 28, 2005.  State Rec. Vol. 4.   Writs were denied by the Louisiana Supreme Court on February 3, 2006.  *Id.*  Petitioner then filed the instant habeas petition, dated March 27, 2006.

II.  PROCEDURAL REVIEW

### A. Custody Requirement

A petitioner must be "in custody" for a federal court to entertain a petition for habeas relief. 28 U.S.C. § 2241(c); 28 U.S.C.§ 2254(a).  Physical incarceration satisfies the custody requirement.  *See e.g., Maleng v. Cook*, 490 U.S. 488, 491, 109 S. Ct. 1923, 1925 (1989).  Here, Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, pursuant to the conviction he is attacking.  Rec. Doc. 1.  Accordingly, one basis of this Court's subject matter jurisdiction over Petitioner's claim for relief is satisfied.

### B. Timeliness

The state submits that the petition is timely, and after reviewing the record the Court agrees.  AEDPA requires that a habeas petitioner bring his or her 28 U.S.C.§ 2254 action within one year of the date on which his or her conviction or sentence becomes final.[3]  Yet, AEDPA's one-year statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C.§ 2244(d)(2); *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).  "A  properly filed application is one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing." *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999) (*quoting Lovasz v. Vaughn*, 134 F.3d 146, 148 (3rd Cir. 1998) (internal quotations omitted); *Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000).  Finally, out of an abundance of caution, this Court construes any tolling ambiguities in favor of a petitioner.  *See, e.g.,  Navarre v. Stalder* 2007 WL 1702774, *5 (E.D.La. 2007).

---

[3] 28 U.S.C.§ 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Supreme Court noted that "finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *see also, Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (reaching the same conclusion regarding "finality."). Additionally, a petitioner has ninety days to file a writ of certiorari in the United States Supreme Court after a decision is rendered by the state's highest court. Sup. Ct. R. 13(1). As noted above, the Louisiana Supreme Court denied Petitioner's application for a supervisory writ on direct appeal on October 31, 2003. *State v. Simmons*, 2003-841 (La. 10/31/03), 857 So.2d 473. Therefore, Petitioner's conviction became final, and petitioner's one year period for seeking federal habeas corpus relief commenced on January 29, 2004, ninety days after the Louisiana Supreme Court's decision denying Petitioner's direct appeal.

In this case, AEDPA's one-year statute of limitations was tolled when the petitioner timely filed his applications for post-conviction relief on October 18, 2004, after the petitioner had expended 263 of the 365 day limit for seeking habeas relief. After this was denied by the trial court on December 21, 2004, he filed an application for supervisory writs with the Louisiana Fifth Circuit on January 28, 2005. Under the Uniform Rules of the Louisiana Courts of Appeal, Rule 4-3, petitioner was only allowed 30 days to seek writs from the adverse ruling, or until January 21, 2005. The Louisiana Fifth Circuit, however, denied petitioner's application on the merits of the petition, rather than on untimeliness grounds, on February 3, 2005. He thus had expended eight additional days of his 365 days between January 21 and January 28, 2005. *See Melancon v. Kaylo*, 259 F.3d 401 (5th Cir. 2001). Petitioner then timely sought writs with

the Louisiana Supreme Court, which denied the application on February 3, 2006.   He filed the

instant petition on March 27, 2006,[4] or 52 days later.

Therefore, petitioner had expended a total of 323 of the 365 days under the statute of

limitations (263 plus 8 plus 52) prior to filing the instant petition in this Court.   As a result, the

Court finds that Mr. Simmons' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §

2254 is timely.

### C. Venue

Under 28 U.S.C.A. § 2241(d), venue lies in the district in which the petitioner is

incarcerated or the district from which his conviction or sentence was obtained.   Petitioner is

incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, which is in West Feliciana

Parish, a parish that falls within the Middle District of Louisiana under 28 U.S.C. § 98(b).

However, petitioner was convicted and sentenced in Jefferson Parish, which under 28 U.S.C. §

98(a) falls within the Eastern District of Louisiana.   Therefore, venue lies for this petition under

28 U.S.C.A § 2241(d).

### D. Exhaustion

Petitioner's claims are exhausted as required by AEDPA.   Indeed, the State concedes

exhaustion of the first and sixth claims.   Rec. Doc. 5.   Generally, exhaustion of adequate state

---

[4]When considering the timeliness of a pleading filed by a prisoner acting *pro se*, courts employ the bright-line "mailbox rule", i.e., a pleading is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.   *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).   Furthermore, it may reasonably be inferred that a prisoner delivered his pleading to prison officials for mailing on the date he signed it.   *See Pugh v. Cain*, 2007 WL 734811 (E.D. La.) (Berrigan, J.), *citing United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D.Ga. 1997); *see also Magee v. Cain*, 2000 WL 1023423 (E.D.La) (Duval, J.).

remedies is a "condition precedent to the invocation of federal judicial relief under [28 U.S.C.§ 2254]." *Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973).  To satisfy the exhaustion requirement, the entirety of the factual allegations and legal theories presented to the federal court must have been presented in a procedurally proper manner to the highest state court, here the Louisiana Supreme Court.  *See e.g., Anderson v. Harless*, 459 U.S. 4, 6 (1982) (holding a habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim) *quoting Picard v. Connor*, 404 U.S. 270, 275 (1971); *Yohey v. Collins*, 985 F.2d 222, 226 (5th Cir. 1993); *Rose v. Lundry*, 455 U.S. 509 (1982).  It is important to note that the issues in a habeas petition could have been presented to the highest state court on direct appeal, or in a state post-conviction proceeding; either is sufficient and both are not required. *Brown v. Allen*, 344 U.S. 443, 447 (1953); *Myers v. Collins*, 919 F.2d 1074, 1075-77 (5th Cir. 1990).  The requirement of exhaustion is now codified by 28 U.S.C.§ 2254(b)(1), which provides, *inter alia*, that habeas relief "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ."  The other statutory provisions providing exceptions to the exhaustion rule are inapplicable here.

Petitioner presents six claims for review in his federal habeas petition.  These claims were raised in his application for writs of certiorari and review to the Louisiana Supreme Court on his direct appeal or on his application for post conviction relief.  The State argues that his second through fifth claims are not exhausted.  Rec. Doc. 5.  These claim, presented in petitioner's application for post-conviction relief, were denied by the trial court on procedural grounds.  By its order of December 21, 2004, the trial court determined that they were

procedurally barred for failure to raise them in an earlier proceeding and /or on appeal.  State Rec. Vol. 1.  Although it appears that these claims may be barred from this Court's review because they were dismissed by state courts on state procedural grounds, this does not equate to failure to exhaust.  The State seems to be confusing this procedural default, which precludes review by federal courts of such claims,[5] with the AEDPA requirement of exhaustion, i.e., that a claim must have been presented in a procedurally proper manner to the highest state court before a federal court may review it.[6]  *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).  While the Louisiana Fifth Circuit and then the Louisiana Supreme Court both denied the claims, presumably agreeing with the trial court that they were procedurally barred, *see Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (holding that when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion), it appears that the claims were presented to the Louisiana Supreme Court in a procedurally proper manner.  In other words, the exhaustion requirement is not a requirement that the highest state court review a particular claim on its federal constitutional merits, only that it fully be given a such an opportunity.  As all of his claims were fairly presented to the Louisiana Supreme Court in a procedurally proper manner,  petitioner has satisfied AEDPA's

---

[5] This concept is based on the doctrine that a federal court will generally not review a question of federal law if the state decision is based on independent and adequate state law grounds.

[6] This requirement is based on a concern for comity and the belief that state courts should be given a full opportunity to correct for themselves violations of federal constitutional requirements in state criminal proceedings before a federal court will hear claims of such violations on collateral review.

exhaustion requirement.  As such, the instant petition is not a mixed petition that should be dismissed in its entirety.  *Cf. Pliler v. Ford*, 543 U.S. 225 (2004).

III. CONCLUSION

Having considered the petition, the record, and the applicable law, the Court determines that the petitioner has exhausted his claims as required by AEDPA, and will delay a decision on the merits of his claims, including the issue of procedural default, until the state has responded appropriately.  Accordingly,

IT IS ORDERED that the state respond to the merits of Jamie Simmons' claims within thirty days.

New Orleans, Louisiana, this 12th day of March, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE